742 F.2d 237
 6 Soc.Sec.Rep.Ser. 259
 Ella GREEN, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
Christine TOTTEN, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 84-2211
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 24, 1984.
 
 Jeffrey J. Skarda, Gulf Coast Legal Foundation, Houston, Tex., for plaintiff-appellant.
 Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Mack A. Davis, Dept. of HHS, Baltimore, Md., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before CLARK, Chief Judge, WILLIAMS, and HILL, Circuit Judges.
 CLARK, Chief Judge:
 
 
 1
 * Plaintiffs filed separate suits in the United States District Court after unsuccessful attempts to receive emergency advance payments from the Supplemental Security Income program. The district court consolidated their cases and then dismissed their suits for lack of jurisdiction and failure to state a claim upon which relief could be granted. We affirm the judgment of the district court and dismiss this appeal.
 
 II
 
 2
 Plaintiffs Green and Totten were recipients of Supplemental Security Income benefits until the Department of Health and Human Services terminated their payments. Plaintiffs were notified that if they appealed the termination within ten days, their benefits would continue until an administrative law judge rendered a decision. Neither appealed within this time limit; Green filed a hearing request almost two months after her notice of termination, and Totten filed one almost five months later. After the hearing officers ordered the reinstatement of their benefits, but before either had received her first check, each applied for a $100 emergency advance payment to help meet pressing financial needs.
 
 
 3
 The Social Security Act, 42 U.S.C. Sec. 1301, et seq., and regulations promulgated thereunder provide for two forms of emergency cash advances in the Supplemental Security Income program, 42 U.S.C. Sec. 1381, et seq. First, the Secretary "may make to any individual initially applying for benefits ... who is presumptively eligible for such benefits and who is faced with financial emergency a cash advance against such benefits in an amount not exceeding $100." 42 U.S.C. Sec. 1383(a)(4). This type of payment is called an emergency advance payment. The second form of emergency assistance relevant here is the "one time payment" which is authorized in the Department's regulations. See Social Security Act, Program Operations Manual System SM 19005. No relevant difference between these kinds of assistance exists for the purposes of this appeal, so these programs shall be treated together, under the term "emergency advance payments."
 
 
 4
 Green needed the funds to buy summer clothing for her children and for her own medical transportation. Totten, a six year old with an IQ of 52, applied through her mother for emergency assistance for rent money to avoid eviction. Neither was awarded the advance payment, because the supervisor, without a hearing, determined each was not "initially applying" for assistance, as required by 42 U.S.C. Sec. 1383(a)(4).
 
 
 5
 Plaintiffs challenged the summary denial of their benefits through administrative channels by requesting reconsideration of the decisions. After exhausting these efforts, Green filed suit in the United States District Court on August 26, 1981, and Totten filed her complaint on July 14, 1982. The court consolidated these cases in December, 1982 and dismissed the cases on February 23, 1984, pursuant to the Secretary's motion for summary judgment. In its memorandum opinion, the court stated that emergency advance payment determinations were not subject to judicial review, because the requests were not "initial determinations" under the Social Security Act, and these decisions were committed to the Secretary's unreviewable discretion. The court also held that even if it did have jurisdiction to hear the case, plaintiffs failed to state a cause of action upon which relief could be granted, and that plaintiffs' due process claims were meritless. After unsuccessful motions for a new trial, plaintiffs perfected this appeal.
 
 III
 
 6
 Plaintiffs contend that the district court had (a) jurisdiction pursuant to the Social Security Act, 42 U.S.C. Secs. 405(g) and 1383(c)(3); (b) federal question jurisdiction, 28 U.S.C. Sec. 1331; (c) mandamus jurisdiction, 28 U.S.C. Sec. 1361; or (d) declaratory jurisdiction, 28 U.S.C. Sec. 2201. Based on our reasoning below, however, we conclude that each of these grounds fails to provide jurisdiction for the plaintiffs.
 
 
 7
 * The Social Security Act
 
 
 8
 Plaintiffs first contend that the Social Security Act provides for a hearing concerning the denial of emergency advance payments, and that defendant failed to grant this hearing, thus judicial review is proper. Green and Totten claim that the Secretary should have given them a hearing because 42 U.S.C. Sec. 405(b) requires one. This section states in part:
 
 
 9
 (1) The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.... Upon request by any [person who] ... makes a showing in writing that his or her rights may be prejudiced by any decision the Secretary has rendered, [the Secretary] shall give such applicant ... reasonable notice and opportunity for a hearing....
 
 
 10
 Defendant argues, however, that section 405(b) does not apply to emergency advance payments because 20 C.F.R. Sec. 416.1403(a)(2) precludes such a hearing. This section states:
 
 
 11
 (a) Administrative actions that are not initial determinations may be reviewed by [the Social Security Administration], but they are not subject to the administrative review process ... and they are not subject to judicial review. These actions include ... an action about--
 
 
 12
 * * *
 
 
 13
 (2) [The applicant's] eligibility for, or the amount of, [emergency advance payments]....
 
 
 14
 (Emphasis added.) Therefore, the courts lack jurisdiction to hear appeals in emergency advance payment decisions.
 
 
 15
 Plaintiffs challenge this regulation on two grounds. First, they contend that 20 C.F.R. Sec. 416.520 contradicts the above regulation and that section 416.520 should govern. A close reading, however, can reconcile these regulations. Section 416.520 provides for a $100 advance payment if an applicant is initially applying for Supplemental Security Income benefits, is presumptively eligible for those benefits, and is faced with a financial emergency. Plaintiffs argue that their hearing requests were initial determinations under section 416.520(b)(1),[1] because their request was "an application filed subsequent to a prior denial or termination...."
 
 
 16
 This contention, however, misinterprets section 416.520(b)(1), which specifically defines "initially applying" as "an initial determination of eligibility." Plaintiffs' request did not seek a new determination that they were eligible for benefits. Rather, they challenged the decision to terminate them. In contrast, had the plaintiffs applied for new benefits, based, for example, on changed disability or financial circumstances, they would be "initially applying," regardless of whether they had received benefits in the past. Because they sought to reverse the determination to terminate their prior benefits, section 416.520 does not apply to them. 20 C.F.R. Sec. 416.1403(a)(2) governs instead. It explicitly precludes both administrative and judicial review.
 
 
 17
 Plaintiffs also attack the constitutionality of 20 C.F.R. Sec. 416.1403(a)(2), claiming that the regulation violates due process by foreclosing judicial review. The Supreme Court has recognized that not all decisions by the Secretary under the Social Security Act are subject to judicial review. See Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 985-86, 51 L.Ed.2d 192 (1977). 42 U.S.C. Sec. 405(g) authorizes judicial review of a "final decision of the Secretary made after a hearing to which [the applicant] is a party...."
 
 
 18
 The decision whether to award emergency advance payments is not entitled to a hearing, because the matter is committed to the Secretary's unreviewable discretion. See Sanders, 430 U.S. at 107-08, 97 S.Ct. at 985, and cases cited therein. See also Ferry v. Udall, 336 F.2d 706, 712-14 (1964), cert. denied, 381 U.S. 904, 85 S.Ct. 1449, 14 L.Ed.2d 286 (1965). The decision requires the director to make a complex evaluation of each applicant's individual circumstances. Such a decision is not suitable for judicial review. See East Oakland-Fruitvale Planning Council v. Rumsfeld, 471 F.2d 524, 533 (9th Cir.1972). The Constitution does not require judicial review of the Secretary's decision. Cf. Ferry, 336 F.2d at 714. Moreover, the Social Security Act and its regulations prohibit judicial review of this decision. Congress is the appropriate body to change this procedure.
 
 
 19
 Practical considerations also dictate a decision that the Secretary's discretion is unreviewable. The Department of Health and Human Services processes millions of Social Security claims each year.[2] The efficiency needed to physically deal with this volume of claims requires that the department not be invariably bound to full administrative processes and judicial appeals in every matter. 20 C.F.R. Sec. 1403 sets out some items the agency has determined require less protection.[3] Each involves peripheral or temporary situations that a lengthy appeals process generally would not help, even with expedited appeals.
 
 
 20
 Examining the emergency advance payments situation specifically, judicial review would not aid a denied applicant, for by the time the case was heard in the district court, a plaintiff would already be receiving the benefits to which she claimed she was entitled, or her application would have been rejected. The emergency payments are not additional payments made to a recipient of benefits; rather, this assistance is merely an advance on expected future benefits. Thus, once an applicant started to receive benefits, or has her application for benefits rejected, the right to the emergency assistance terminates.
 
 
 21
 Since the agency official must consider each application for emergency advance payments on the individualized merits of a particular claimant's situation, and since those situations are infinitely variable, a judicial review of the agency action in these two cases would not control the official's decision in other unrelated cases. Therefore, due to the short time frame to which the emergency advance payments decision applies and the uniqueness of each case, the Social Security Administration and Congress have determined that administrative and judicial review of the Secretary's decision is not helpful. We must respect this judgment.
 
 B
 Federal Question Jurisdiction
 
 22
 Plaintiffs contend that the district court had jurisdiction pursuant to 28 U.S.C. Sec. 1331. Jurisdiction under section 1331 for matters arising under the Social Security Act is expressly precluded, however, by 42 U.S.C. Sec. 405(h), which states, "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. Sec. 1383(c)(3) subjects the emergency advance payments to the same standard of review.[4] The Supreme Court has upheld the sweeping prohibition of section 405(h). Weinberger v. Salfi, 422 U.S. 749, 757, 95 S.Ct. 2457, 2463, 45 L.Ed.2d 522 (1975). See also Sanders, 430 U.S. at 108-09, 97 S.Ct. at 986. Therefore, plaintiffs' contention that jurisdiction exists under 28 U.S.C. Sec. 1331 must fail. See Herzog v. Secretary of Health, Education and Welfare, 686 F.2d 1154, 1158-59 (6th Cir.1982).
 
 C
 Mandamus Jurisdiction
 
 23
 Plaintiffs next claim the district court had mandamus jurisdiction, pursuant to 28 U.S.C. Sec. 1361. Mandamus is not available to review discretionary acts of agency officials. Einhorn v. Dewitt, 618 F.2d 347, 349 (5th Cir.1980); Kennecott Copper Corp., Nevada Mines Division, McGill Nevada v. Costle, 572 F.2d 1349, 1356 (9th Cir.1978). Allowing mandamus as a substitute for appeal is improper. Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947); Burkett v. Chandler, 505 F.2d 217 (10th Cir.1974), cert. denied, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 110; Jeno's Inc. v. Commissioner of Patents and Trademarks of the United States, 498 F.Supp. 472 (D.C.Minn.1980); Formica Corp. v. Lefkowitz, 590 F.2d 915, 921 (CCPA 1979), cert. denied, 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284. Furthermore, it would frustrate the purpose of 42 U.S.C. Sec. 405(g) and (h), by which Congress provided the sole method of review of Social Security claims. Association of American Medical Colleges v. Califano, 569 F.2d 101, 111 (D.C.Cir.1977). Either review is available under section 405(g) for Social Security claims, or review is precluded completely. Sanders, 430 U.S. at 110, 97 S.Ct. at 987 (Stewart, J., concurring).
 
 
 24
 Moreover, even if mandamus jurisdiction was not precluded by its nature and by 42 U.S.C. Sec. 405(h), plaintiffs have not met the prerequisites for such jurisdiction. Before mandamus is proper, three elements must generally co-exist. A plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available. Carter v. Seamans, 411 F.2d 767, 773 (5th Cir.1969), cert. denied, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); Sheehan v. Army & Air Force Exchange Service, 619 F.2d 1132, 1141 (5th Cir.1980). As was shown in Part III(A) above, plaintiffs do not have a clear right to a hearing, nor does the Secretary have a duty to grant them one. Therefore, mandamus jurisdiction was not appropriate in this case.
 
 D
 Declaratory Jurisdiction
 
 25
 Plaintiffs finally claim the district court had jurisdiction to issue a declaratory order under 28 U.S.C. Sec. 2201, striking 20 C.F.R. Sec. 1403 as unconstitutional. This court has stated, however, that:
 
 
 26
 whether to grant declaratory relief is a matter for the court's sound discretion. See 28 U.S.C. Sec. 2201. In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors....
 
 
 27
 Hollis v. Itawamba County Loans, 657 F.2d 746, 750 (5th Cir.1981). See also Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962); Brillhart v. Excess Insurance Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); 10A Wright & Miller, Federal Practice and Procedure Sec. 2759 (1983). In light of the tenuous nature of the plaintiffs' constitutional challenge to the regulations, as discussed in Part III(A) above, we find that the district court did not abuse its discretion by declining to issue declaratory relief on behalf of the plaintiffs.
 
 
 28
 The district court correctly determined it had no jurisdiction over this action. That being true, this court lacks jurisdiction of this appeal. The appeal is
 
 
 29
 DISMISSED.
 
 
 
 [1]
 20 C.F.R. Sec. 416.520(b)(1) defines the term "initially applying" as "the filing of an application ... which requires an initial determination of eligibility such as the first application for supplemental security income benefits or an application subsequent to a prior denial or termination of a prior period of eligibility for payment."
 
 
 [2]
 In 1975, the Department of Health, Education and Welfare processed over 7,600,000 claims. Califano v. Sanders, 430 U.S. at 102, 97 S.Ct. at 982
 
 
 [3]
 20 C.F.R. Sec. 416.1403 lists the following items that do not warrant administrative or judicial review:
 Actions about--
 (1) Presumptive disability or presumptive blindness;
 (2) Eligibility for, or the amount of, [emergency advance payments];
 (3) Denial of a request to be made a representative payee;
 (4) Denial of a request to use the expedited appeals process;
 (5) Denial of a request to reopen a determination or a decision;
 (6) The fee that may be charged or received by a person who has represented the applicant in connection with a proceeding before the Department;
 (7) Disqualifying or suspending a person from acting as the applicant's representative in a proceeding before the Department. (See Sec. 416.1545); and
 (8) Denial of the applicant's request to extend the time period for requesting review of a determination or a decision.
 
 
 [4]
 Specifically, 42 U.S.C. Sec. 1383(c)(3) states:
 (3) The final determination of the Secretary after a hearing [for payments under the Supplemental Security Income program] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determination under section 405 of this title.