**Johnny Lee JACKSON, Appellant,**

v.

**Verta Jo Jackson
CRAWFORD, Appellee.**

**No. 05–86–00030–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 19, 1987.

See also, 715 S.W.2d 130.

Lana Johnson, Dallas, for appellant.

Karen L. Hirschman, Dallas, for appellee.

Before DEVANY, McCLUNG and STEWART, JJ.

McCLUNG, Justice.

Johnny Lee Jackson (Jackson) appeals from a February 24, 1986 order modifying decree of divorce. Jackson asserts six points of error: (1) the temporary order changing the managing conservator of Jon Jay Jackson is void; (2) the interlocutory order of November 12, 1985 is vague in certain respects; (3) the contempt order entered while Jackson was incarcerated pursuant to a prior court order is void; (4) the award of $500 per month child support is excessive; (5) the award of attorneys' fees was not supported by competent evidence; and (6) the order of assignment of earnings violated section 14.43 of the Family Code. For reasons stated below we overrule all points of error and affirm the judgment of the trial court.

As an initial matter we note that we are confronted with three transcripts and two statements of facts. The rules of appellate procedure regarding briefs state in part:

A statement of the points upon which an appeal is predicated shall be stated in short form without argument and be sep-

**630**

arately numbered. In parentheses after each point, reference shall be made to the page of the record where the matter complained of is to be found. TEX.R.APP.P. 74(d). We can only require substantial compliance with the briefing rules. *Id.* 74(p). However, strict adherence to the rules, which was not done here, will help expedite the disposition of an appeal by more precisely directing this Court's attention to that portion of the record where the matter complained of appears. *See also Hale v. Ramsey,* 524 S.W.2d 436, 438 (Tex.Civ.App.—Austin 1975, no writ) (points of error not supported by facts, record references, argument or authority held waived).

Jackson and Verta Jo Jackson Crawford (Crawford) were first married to each other on December 22, 1978. Their first son was born on June 23, 1979. Jackson and Crawford divorced in December of 1979 and remarried on January 4, 1980. Their second child was born on October 22, 1981. The final Decree of Divorce, from which the present appeal is taken, is dated June 8, 1983. The decree appointed Jackson managing conservator of the older child and a possessory conservator of the younger child. Crawford was appointed managing conservator of the younger child and a possessory conservator of the older child. The trial court found that no child support was necessary and an order of support was not included in the divorce decree.

The current litigation was initiated on July 2, 1985 when appellee Crawford filed a motion to modify the June 8, 1983 divorce decree. Crawford alleged that both children had resided with her from the time of the divorce until June 30, 1985, and requested temporary orders naming her managing conservator of the older child. A temporary restraining order was directed to Jackson "because there [was] a serious, immediate question concerning the welfare of the [older] child."

The restraining order prohibited Jackson from removing the older child from the jurisdiction of the court or hiding him from Crawford; ordered him not to harass Crawford or Crawford's husband; and further prohibited Jackson from threatening to harm Crawford or her children.

Jackson filed a response and cross motion to modify on July 25, 1985, asking to be appointed managing conservator of the younger child, alleging that the children were being physically and sexually abused by various male friends of Crawford.

Crawford amended her motion to modify that same day, alleging that Jackson had refused to return the older child on June 30, 1985; that he refused to disclose the child's whereabouts; but that he had agreed to return the child on July 26, 1985. Crawford included a request for child support from Jackson for the first time in this litigation history in this amended motion filed July 25, 1985.

Following a hearing before a master on August 2, 1985, the master recommended Crawford be appointed temporary managing conservator of the older child; Jackson be appointed possessory conservator with visitation rights in accordance with a schedule, and Jackson pay child support to Crawford in the amount of $150 every other week. A temporary order in keeping with the master's recommendation was signed by the district judge on August 21, 1985. Jackson filed an appeal to the judge from the master's recommendation with the court on August 6, 1985 and obtained a hearing date of September 6, 1985. No hearing took place. In an October 28, 1985 motion, Jackson agreed to the provisions of the August 21, 1985 order, except for the amount of child support.

Crawford complained that Jackson violated a court order concerning discovery and on November 12, 1985, Jackson was found in contempt and the court ordered him jailed. Jackson filed a habeas corpus proceeding in this court which was granted and Jackson was ordered released from jail. *Ex parte Jackson,* 706 S.W.2d 712, 714 (Tex.App.—Dallas 1986). The trial court found Jackson in contempt in another hearing on January 6, 1986 for failing to make child support payments on a timely basis during the time he was in jail pursuant to the prior contempt order.

The trial court signed a final order on February 24, 1986 which required Jackson to pay $500 per month support for both children, and included a provision for income withholding. From this order, Jackson appealed.

In his first point of error, appellant argues that the temporary order changing the managing conservatorship of the older child was void because it did not recite that there was a serious immediate question concerning the child's welfare as required under section 14.08 of the Family Code in effect when the order was entered. Consequently, Jackson requests a refund of all child support paid pursuant to the temporary orders.

■ Although appellant's objection to the master's recommendation was timely filed before the fifth day after the master's findings were signed, no hearing was held and appellant did later agree to the change in managing conservatorship; therefore, he cannot complain about the amount of child support due under that order. Appellant failed to insist on a hearing before the court on his appeal from the findings of the master, and consequently waived his objections. *Cameron v. Cameron*, 601 S.W.2d 814 (Tex.Civ.App.—Dallas 1980, no writ); *see also, McCrory & Co., Inc. v. Avery Mays Construction Co.*, 690 S.W.2d 333, 334–35, (Tex.App.—Dallas, 1985, writ ref'd n.r.e.). Appellant's first point of error is overruled.

In his second point of error, Jackson argues that the visitation schedule he agreed to is vague and unenforceable with respect to Christmas visitation, or in the alternative, that the order requires clarification. In the absence of a genuine controversy between the parties concerning the order, we hold that appellant is asking this Court for an advisory opinion. Nothing is presented to us for review. *See Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 646 (1933); *see also University Interscholastic League v. Jones*, 715 S.W.2d 759, 761 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Jackson's second point of error is overruled.

■ In his third point of error, Jackson complains that the trial court found him in contempt for not timely paying child support while he was in jail under a contempt order issued by the same court as a sanction for failing to comply with a discovery order. Generally speaking, a contempt judgment can only be attacked by way of habeas corpus. *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824, 827 (1960). In oral argument, appellant urged us to review all interlocutory orders in this case because a final order has been issued. He cites us to no authority for this position and, while there may be authority for this position for certain types of orders, we know of no authority for this type of review with respect to contempt orders. Consequently, Jackson's third point of error is overruled.

In his fourth point of error, Jackson asserts that the trial court abused its discretion by ordering him to pay Crawford $500 per month child support because the duty of support falls equally on both parents. *Welch v. Welch*, 694 S.W.2d 374 (Tex.App. —Houston [14th Dist.] 1985, no writ).

■ The record before us indicates, in summary, that both parties have substantial debts and high expenses in relation to their income. The record also indicates that the trial court had before it additional documentary evidence not in the record before us. Consequently, we are precluded from making an independent review of this documentary evidence, and can only presume that the evidence not in our record supports the trial court's decision. *See McElyea v. Parker*, 125 Tex. 225, 81 S.W.2d 649, 653 (1935) (everything not concluded by the state of the record is presumed in favor of judgment). We hold that on this record, appellant has failed to demonstrate an abuse of discretion. Consequently, appellant's fourth point of error is overruled.

■ Appellant asks this Court to set aside the trial court's award of attorneys' fees in point of error five, arguing that the time spent by appellee's attorney is not sufficiently substantiated because her attorney failed to provide time sheets or otherwise distinguish between time spent on

modifying the divorce decree as opposed to rendering other services to appellee. The record indicates that appellee's attorney had time sheets at the support hearing; they were available to appellant; and the time sheets could have been placed into evidence by either party. Appellant had a full opportunity to cross-examine appellee's attorney concerning the attorney's fees and time sheets; consequently, Jackson's complaint about an award based on appellee's attorney's unrebutted testimony is overruled. *Peeples v. Peeples*, 562 S.W.2d 503, 506 (Tex.Civ.App.—San Antonio 1978, no writ).

■ We note that testimony at that hearing indicated that $9,420 would be a reasonable amount of attorney's fees to tax as costs, plus an additional $2,000 in the event of an appeal. This is the entire amount that appellee's attorney testified would be reasonable. The trial court dictated into the record an oral rendition of judgment that ordered $9,420 fees paid to Appellee's attorney and "another two thousand dollars if [appellee] prevails on appeal." The written judgment entered by the court, however, orders Jackson to pay attorney's fees and court costs of $11,420 none of which is contingent on the fact of an appeal or on the outcome of appeal. The judgment further recites that Jackson shall have a $2,000 credit if he does not exercise his right to appeal the judgment of the trial court. No complaint was made to the trial court that the judgment was not consistent with the oral rendition of judgment or as noted on the docket sheet by the court; therefore, nothing was preserved for review. *See Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492, 493 (Tex.App.—Dallas 1975, writ ref'd n.r.e.) (failure to comply with rule 301, TEX.R.CIV.P.). We express no opinion here on whether this form of judgment violates the Open Courts provision of the Texas Constitution. Appellant's point of error five is overruled.

In his last point, Jackson argues that the trial court erred in assigning his earnings because there was no showing that he was in arrears for child support as required by § 14.43 of the Family Code.

The relevant provisions of the Family Code [1] state:

§ 14.05.  Support of Child

.    .    .    .    .

(e) Except for good cause shown, on agreement of the parties, or as provided in Subsection (f) of this section, in every proceeding in which periodic payments of child support are ordered, the court shall order that income be withheld from the disposable earnings of the obligor to conform with the provisions of Subchapter B [Enforcement of Court Orders for Child Support and Possession of and Access to a Child] of this chapter. [Section 14.30 et seq.] The court shall order that income withheld for child support shall be paid through a court registry, a child support collection office, or the attorney general, unless the court finds that there is good cause to require payments to be made to another person or office.

The court's order must be in conformance with section 14.43(a) which provides:

§ 14.43.  Withholding From Earnings for Child Support

(a) Duty of Court to Order Income Withholding. Except for good cause shown, on agreement of the parties, or as provided in Subsection (b) of this section, the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor:

(1) in every original suit affecting the parent-child relationship in which child support payments are ordered;

(2) on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and is currently in arrears for an amount

---

**1.** Effective January 1, 1987 the child support provisions of the Family Code have been extensively amended by the Second Called Session of the 69th Legislature. Child Support Enforcement Improvement Act of 1986, ch. 10, 1986 Tex.Sess. Law Serv. 30–53 (Vernon).

equal to or greater than that due for a one-month period; or

(3) on motion to modify an order entered after the effective date of this subchapter that did not originally order income withheld; provided that the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and is currently in arrears for an amount equal to or greater than that due for a one-month period.

We interpret § 14.05 as stating the general rule which is to be applied according to the provisions of Subchapter B. Under Subchapter B, § 14.43 states specifically how to apply the requirements of § 14.05.

Section 14.43(a) requires the court to enter an order of income withholding in two general categories: (1) in all original support orders entered after the effective date of the provision (unless one or more of the exceptions apply), and (2) on proper motions to modify support orders entered at any time either before or after the effective date, which did not provide income withholding, and, the obligor is shown to have been in arrears as described therein.

 The motion to modify filed by appellee was to modify an order that did not contain any provision for support. In addition, she asked the court to set child support for the first time. This request amounted to "an original suit affecting the parent-child relationship." Consequently, the order here is the first or original child support order and none of the exceptions set out in section 14.43(a) were demonstrated. Therefore, we hold that under these facts withholding is required under section 14.43(a)(1).

Until 1983, courts could not enforce child support orders through wage withholding because garnishment of wages was forbidden of the Texas Constitution. TEX. CONST. art. XVI, § 28 (1891, amended 1983); *Traveler's Insurance Co. v. Marshall,* 124 Tex. 145, 76 S.W.2d 1007, 1009 (1934) (judiciary cannot lawfully act beyond constitutional limits). Consequently, removal of this prohibition as to child support by constitutional amendment freed courts to exercise inherent authority to enforce orders in this manner. Withholding of child support from wages is no longer inconsistent with the constitution. Consequently, since the court here acted within its discretion, and Jackson has failed to show an abuse of discretion, we hold that no error is shown and we overrule Jackson's final point of error.

The judgment of the trial court is affirmed.