

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00455-CV

William **FISHBACK**,
Appellant

v.

James Patrick **WALKER** Sr.,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK000319D4
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: September 7, 2022

DISMISSED FOR WANT OF JURISDICTION

On July 18, 2022, the trial court found that Appellant William Fishback had violated thirty-three provisions of a protective order, and it held him in contempt for each count. The trial court ordered Appellant confined in the Webb County Jail for a period of 180 days.

On July 26, 2022, Appellant filed a second amended notice of appeal which identifies five points Appellant seeks to appeal, numbered as 2.a through 2.e. In paragraph 2.b, Appellant seeks to appeal from the trial court's July 18, 2022 contempt order. In paragraph 2.c, Appellant seeks to appeal from the Final Protective Order signed on May 19, 2022.

On August 11, 2022, we ordered Appellant to show cause in writing by August 26, 2022, why this appeal should not be dismissed for want of jurisdiction. *See Collins*, 802 S.W.2d at 705. We advised Appellant that he must show how this court has appellate jurisdiction for the matters listed in each of the notice of appeal paragraphs numbered 2.a through 2.e. We noted that the clerk's record filed on August 8, 2022, does not contain some of the documents and orders referred to in paragraphs 2.a through 2.e. *See* TEX. R. APP. P. 34.5(a) (noting that in a civil case, "the record *must* include copies of . . . all pleadings on which the trial was held [and] the court's judgment or other order that is being appealed" (emphasis added)).

On August 12, 2022, the Webb County District Clerk filed a supplemental clerk's record, but Appellant did not file a written response showing how this court has jurisdiction in this appeal.

Relevant here, "the validity of a [criminal] contempt judgment can be attacked 'only by way of habeas corpus.'" *Collins v. Kegans*, 802 S.W.2d 702, 705 (Tex. Crim. App. 1991) (quoting *Deramus v. Thornton*, 333 S.W.2d 824, 827 (Tex. 1960)); *accord Gonzalez v. State*, 187 S.W.3d 166, 170 (Tex. App.—Waco 2006, no pet.). Appellant has failed to show how we have appellate jurisdiction over the contempt order. *See* TEX. R. APP. P. 42.3(a), (c); *Collins*, 802 S.W.2d at 705.

Further, assuming the May 19, 2022 Final Protective Order was an appealable order, Appellant's July 25, 2022 notice of appeal was untimely, and it failed to invoke this court's appellate jurisdiction. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

We dismiss this appeal for want of jurisdiction.

PER CURIAM