STATE of Texas, Appellant,

v.

**Francisco SANCHEZ, Appellee.**

No. 3–88–186–CR.

Court of Appeals of Texas, Austin.

Feb. 8, 1989.

Rehearing Denied Feb. 22, 1989.

Lance D. Sharp, Asst. Crim. Dist. Atty., San Marcos, for appellant.

Marcos Hernandez, Jr., San Marcos, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

On August 16, 1988, the trial court entered an order dismissing the information filed in this cause. On August 30, the attorney for the State filed timely notice of appeal. Tex.Code Cr.P.Ann. art. 44.01(a)(1) (Supp.1989).

The transcript in this cause was filed with the Clerk of this Court on September 8, 1988. On November 17, after being notified by the Clerk that the State's brief was overdue, the prosecuting attorney filed an untimely motion for extension of time to file appellant's brief. The Clerk of this Court notified the prosecuting attorney that this motion did not comply with the requirements of Tex.R.App.P.Ann. 73 (Supp.1988), and informed him that it would be necessary to file an amended motion. To date, no amended motion has been filed, and the State has taken no further steps to prosecute its appeal.

Texas R.App.P.Ann. 74(*l*)(1) (Supp.1988) provides that when the appellant in a civil cause fails to file its brief within the time prescribed, the appellate court may dismiss the appeal for want of prosecution. Rule 74(*l*)(2) contains no similar provision with respect to appeals in criminal causes. However, this rule was adopted before the State was given the right to appeal, and was plainly designed to protect the interests of a defendant/appellant. For example, it would be absurd for this Court to order a hearing to determine whether the prosecuting attorney has abandoned the appeal without the State's consent, or whether the State has failed to make necessary arrangements with the prosecuting attorney for filing a brief. In appeals by the State pursuant to art. 44.01, it is the prosecuting attorney who takes the appeal. In fact, the statute refers to the "state" and to the "prosecuting attorney" interchangeably. *Compare* art. 44.01(a) and (b) *with* art. 44.01(d). In such cases, the State cannot be abandoned by its attorney; the abandonment of the appeal by the prosecuting attorney is an abandonment of the appeal by the State.

This Court has no way of knowing what legal issue the State intended to raise in this appeal. But by his failure to file a brief, the prosecuting attorney has clearly manifested a lack of continuing interest in the matter. To force the prosecuting attorney to file a brief, when he so plainly demonstrates a lack of desire to pursue the appeal he began, would serve no useful purpose.

Accordingly, this appeal is dismissed for want of prosecution.

Dismissed for Want of Prosecution.