The **STATE of Texas, Appellant,**

v.

**Judy Lynn CRAWFORD, Appellee.**

No: 01–90–00614–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 18, 1991.

Frank Blazek, Walker County Dist. Atty., for appellant.

Jan Woodward Fox, Houston, for appellee.

Before COHEN, WILSON and PRICE[1], JJ.

## OPINION

PER CURIAM.

On June 29, 1990, the trial court granted appellant's motion to suppress. On July 9, 1990, the State gave timely notice of appeal under TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(5). However, the notice did not comply with article 44.01(a)(5) because it did not certify that the appeal was not taken for the purposes of delay. On October 9, 1990, the State filed a "certificate of appeal" to correct this omission.

A motion to extend the time for filing the record was filed on September 24, 1990. On December 20, 1990, we granted the State's motion to extend the time for filing the record and ordered the transcript and statement of facts filed. The deadline for filing the State's brief was therefore January 20, 1991. No brief was filed.

Although this Court sent notice to the parties on February 4, 1991, concerning the failure to file a brief, the State has filed neither a timely motion for extension of time nor its brief.

Article 44.01(a) provides that the State is entitled to appeal an order of the trial court when "the order ... (5) grants a motion to suppress evidence ... if the prosecuting attorney certifies to the trial court that the appeal *is not taken for the purpose of delay*...." Article 44.01(f) further provides that the court of appeals *"shall give precedence"* in its docket to an appeal filed under subsection (a). We find in these express provisions and in the shortened time provided for giving notice of appeal by the State an intent that any appeal by the State be expeditiously resolved.

Nevertheless, nine months have passed since the State gave notice of appeal in this case, and the State has neglected to prosecute the appeal.

In *State v. Sanchez,* 764 S.W.2d 920 (Tex.App.—Austin 1989, no pet.), the Austin court of appeals faced a delay in a similar situation of slightly more than five months. We find that court's resolution of the matter compelling. Unlike Rule 74(*l*)(1), covering civil cases, Rule 74(*l*)(2) contains no provision for dismissal of a criminal appeal for want of prosecution. However, Rule 74(*l*)(2) was adopted before the State was given the right to appeal. The Austin court reasoned that rule 74(*l*)(2), which provides for a hearing to determine whether the appellant has been deprived of a brief because of indigency or ineffective assistance of counsel, was plainly designed to protect the interests of a defendant/appellant. It would be absurd to apply the rule to the State and order the trial court to determine whether the attorney responsible for the appeal had abandoned the State or rendered ineffective assistance of counsel on the State's behalf. The Austin court concluded that abandonment of the appeal as evidenced by the prosecuting attorney's failure to file a brief constitutes abandonment of the appeal by the State. The court dismissed the appeal for want of prosecution. *Sanchez,* 764 S.W.2d at 921.

Accordingly, this appeal is dismissed.

1.  The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.