The STATE of Texas, Appellant,

v.

Carmen Letricia PALACIOS, Appellee.

No. 2–97–531–CR.

Court of Appeals of Texas,
Fort Worth.

April 2, 1998.

Glen Wilson, County Attorney, Weatherford, for Appellant.

Philip Curry, Fort Worth, for Appellee.

Before DAUPHINOT, RICHARDS and BRIGHAM, JJ.

## OPINION

PER CURIAM.

Carmen Letricia Palacios, appellee, pleaded guilty to the offense of driving while intoxicated on November 12, 1996. The trial court sentenced her to twenty four months' probation. On July 16, 1997, appellee filed a motion to terminate her probation. The trial court signed an order discharging her from probation on July 29. The State then timely filed a notice of appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.1998).

The clerk's record in this cause was filed with the clerk of this court on September 26, 1997. On November 3, this court received and filed a court reporter's affidavit stating that no testimony was given or evidence offered in this case. Accordingly, no reporter's record has been filed. We then notified the State that its brief was due on December 3. On January 7, 1998 we again wrote to the State, requesting that it notify this court whether it intended to file a brief. To date, we have not received a response, and the State has taken no further steps to prosecute its appeal.

■ Texas Rule of Appellate Procedure 38.8(a)(1) authorizes the appellate court to dismiss the appeal for want of prosecution in civil cases when the appellant fails to file its brief within the prescribed time. Rule 38.8(b) contains no similar provision for appeals in criminal cases. However, we do not interpret rule 38.8(b)'s requirements as applying to cases where the State is exercising its right to appeal under article 44.01 of the code of criminal procedure. In fact, rule 3.2 of the rules of appellate procedure indicates that the State is to be uniformly referred to as the "State," regardless of which party appeals the trial court's actions. *See* TEX. R.APP. P. 3.2. Additionally, we decline to extend the protections of rule 38.8(b) to cases where the State has appealed because the rule was plainly intended to protect the interests of a criminal defendant—appellant. *See State v. Sanchez,* 764 S.W.2d 920, 921 (Tex. App.—Austin 1989, no pet.) (application of former rule to appeal by State would lead to absurd results).

This court has no way of knowing what legal issue the State intended to raise in this appeal. By his failure to file a brief, the prosecuting attorney has clearly manifested a lack of continuing interest in the matter. It would serve no purpose to force the prosecuting attorney to file a brief when he clearly desires not to pursue this appeal. *See id.* Therefore, we dismiss this appeal for want of prosecution.