The **STATE** of Texas, Appellant,

v.

Zenon **GARZA**, Appellee.

No. 04–01–00708–CR.

Court of Appeals of Texas, San Antonio.

Aug. 21, 2002.

Romero Molina, County Atty., Rio Grande City, for Appellant.

Baldemar Garza, Law Office of Baldemar Garza, Rio Grande City, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

PER CURIAM.

Zenon Garza, Jr. was indicted for driving while intoxicated. Garza filed a motion to suppress the evidence relating to his arrest. The trial court granted Garza's motion. The State timely filed its notice of appeal. See TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.2002). The reporter's record was filed in this court on January 30, 2002, and the clerk's record was filed in this court on February 6, 2002. The State's brief, therefore, originally was due on March 6, 2002. No brief, however, was filed. On June 4, 2002, this court ordered the State to show cause in writing by June 19, 2002, why this appeal should not be dismissed for want of prosecution. The State did not respond and has taken no further steps to prosecute this appeal.

■ Texas Rule of Appellate Procedure 38.8(a)(1) allows an appellate court to dismiss an appeal for want of prosecution in civil cases when an appellant fails to timely file its brief. Rule 38.8(b) contains no similar provision for appeals in criminal cases. Rather, an appeals court first must notify counsel that a brief was due and not filed, and then, if no response is received, abate the appeal to the trial court for a hearing to determine "whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal...." TEX.R.APP. P. 38.8(b)(2). However, we adopt the reasoning of the Fort Worth court of appeals in *State v. Palacios*, 968 S.W.2d 467, 468 (Tex.App.-Fort Worth 1998, no pet.) and decline to apply Rule 38.8(b) to cases where the State is exercising its right to appeal under article 44.01. Rule 38.8 plainly was "intended to protect the interests of a criminal defendant-appellant." *Palacios*, 968 S.W.2d at 468 (citing *State v.*

*Sanchez,* 764 S.W.2d 920, 921 (Tex.App.-Austin 1989, no pet.)). And further, rule 3.2 of the Rules of Appellate Procedure provides that the State is uniformly to be referred to as the "State," regardless of which party appeals the trial court's ruling. TEX.R.APP. P. 3.2.

The State's failure to respond to our order indicates the prosecuting attorney's lack of interest in pursuing this appeal. *Palacios,* 968 S.W.2d at 468. Accordingly, the appeal is dismissed for want of prosecution. *Id.; see* TEX.R.APP. P. 38.8(a)(1), 42.3(b).