No. 04-01-00708-CR



The STATE of Texas,


Appellant



v.



Zenon GARZA,


Appellee



From the County Court at Law, Starr County, Texas


Trial Court No. CR-01-202


Honorable J.M. "Chuy" Alvarez, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 21, 2002


DISMISSED FOR WANT OF PROSECUTION

 Zenon Garza, Jr. was indicted for driving while intoxicated. Garza filed a motion to suppress
the evidence relating to his arrest. The trial court granted Garza's motion. The State timely filed its
notice of appeal. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2002). The
reporter's record was filed in this court on January 30, 2002, and the clerk's record was filed in this
court on February 6, 2002. The State's brief, therefore, originally was due on March 6, 2002. No
brief, however, was filed. On June 4, 2002, this court ordered the State to show cause in writing by
June 19, 2002, why this appeal should not be dismissed for want of prosecution. The State did not
respond and has taken no further steps to prosecute this appeal.

 Texas Rule of Appellate Procedure 38.8(a)(1) allows an appellate court to dismiss an appeal
for want of prosecution in civil cases when an appellant fails to timely file its brief. Rule 38.8(b)
contains no similar provision for appeals in criminal cases. Rather, an appeals court first must notify
counsel that a brief was due and not filed, and then, if no response is received, abate the appeal to the
trial court for a hearing to determine "whether the appellant desires to prosecute his appeal, whether
the appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal."
Tex. R. App. P. 38.8(b)(2). However, we adopt the reasoning of the Fort Worth court of appeals in
Palacios v. State, 968 S.W.2d 467, 468 (Tex. App.-Fort Worth 1998, no pet.) and decline to apply
Rule 38.8(b) to cases where the State is exercising it's right to appeal under article 44.01. Rule 38.8
plainly was "intended to protect the interests of a criminal defendant-appellant." Palacios, 968
S.W.2d at 468 (citing State v. Sanchez, 764 S.W.2d 920, 921 (Tex. App.-Austin 1989, no pet.)). And
further, rule 3.2 of the Rules of Appellate Procedure provides that the State is uniformly to be
referred to as the "State," regardless of which party appeals the trial court's ruling. Tex. R. App. P.
3.2. 

 The State's failure to respond to our order indicates the prosecuting attorney's lack of interest
in pursuing this appeal. Palacios, 968 S.W.2d at 468. Accordingly, the appeal is dismissed for want
of prosecution. Id.; see Tex. R. App. P. 38.8(a)(1), 42.3(b). PER CURIAM

PUBLISH