**Christine Ann SIVERAND, a/k/a Christine Ann James, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–608–CR.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 10, 2002.

Cindy L. Buckner, Rockport, for Appellant.

Mark W. Eggert, Assistant County Attorney, for Appellee.

Before Chief Justice VALDEZ and Justices DORSEY and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD.

Appellant was charged by information with the misdemeanor offense of criminal mischief. A jury convicted appellant of the charged offense and assessed punishment at 365 days confinement, probated for two years. We reverse.

### I. Factual Summary.

The record reveals a four year feud between the complainant and appellant, two young women who at separate times had a relationship with the same man who later married appellant. In the early morning hours of November 3, 2000, the complainant entered the Millennium nightclub in Aransas Pass. Appellant was inside the club but later exited to the parking lot. The complainant asked her friend, Sabina Rodriguez, to follow appellant. Shortly after returning to the club, appellant and the complainant got into a physical confrontation. When the fight ended, the complainant and Sabina left in the complainant's vehicle. As they drove away, Rodriguez said appellant "keyed" the complainant's vehicle. Rodriguez testified she followed appellant into the parking lot and saw her "keying" the complainant's vehicle and heard metal scraping.

---

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

Photographs of the damage to the complainant's vehicle were entered into evidence.

Norma Dixon, appellant's sister-in-law, testified appellant left the club to make a telephone call to check on her children. Dixon further testified the complainant's reputation for peacefulness and truthfulness was bad. Dixon also testified there were people other than appellant would want to damage the complainant's vehicle.

Officer Fernando Lopez of the Aransas Pass Police Department testified he saw the complainant and Rodriguez following this altercation. The two women were at the police station "happy . . . that they had got [appellant]."

Appellant's husband testified he was the former boyfriend of the complainant. He stated the complainant's vehicle had been keyed three years before the alleged incident.

Finally, appellant testified she left the nightclub to retrieve her cell phone and call the babysitter to check on her daughter. Appellant testified she had several encounters with the complainant in the past and had reported each incident to the police. She related a conversation in the parking lot with Rodriguez where she (appellant) denied damaging or even knowing which vehicle belonged to the complainant.

## II. The State's Failure to File Appellate Brief.

 Appellant's brief was filed on December 3, 2001. The State's brief was due on or before January 2, 2002. Tex.R.App. P. 38.6(b). On March 25, 2002, after not receiving a brief from the State, we or-dered the State to file a brief. On April 25, 2002, the State filed a motion for extension of time to file its brief. That motion was granted and the State was given until May 27, 2002, to file its brief. However no brief has been filed, and the State has not requested additional time to file a brief. The Texas Rules of Appellate Procedure require appellant to either file a brief or state that he no longer desires to prosecute the appeal. Tex.R.App. P. 38.8(b). However, there is no corresponding rule requiring the State to file a brief in response to appellant's brief.[2]

The State's failure to file a brief leaves this court with several options. We could accept appellant's argument at face value and summarily reverse. This, we believe, would be unfair to the trial judge who, through no fault of his own, is left with no one to defend his ruling. On the other hand, we could abandon our roles as impartial jurists and become advocates for the State advancing arguments in order to affirm. Of course, such behavior is completely unacceptable for any number of reasons. First, our Code of Judicial Conduct requires that we act impartially. Second, the rules of appellate procedure require the parties to advance their own arguments. Tex.R.App. P. 38.1(h) and 38.2(a)(1). Finally, decisional authority prevents us from advancing arguments on behalf of either party. *Lawton v. State,* 913 S.W.2d 542, 554 (Tex.Crim.App.1995) ("Appellant leaves us to find error and argue his case for him; this is inadequate briefing, and as such, it presents nothing for our review." *citing Garcia v. State,* 887 S.W.2d 862, 871 (Tex.Crim.App.1994));

2. When the State prosecutes an appeal pursuant to article 44.01 of the Code of Criminal Procedure but does not file a brief, appellate courts hold the State's failure to file a brief constitutes abandonment of the appeal. *State v. Palacios,* 968 S.W.2d 467, 468 (Tex.App.-Fort Worth 1998, no pet.); *State v. Crawford,* 807 S.W.2d 892, 893 (Tex.App.-Houston [1st Dist.] 1991, no pet.); *State v. Sanchez,* 764 S.W.2d 920, 921 (Tex.App.-Austin 1989, no pet.).

*Anson v. State*, 959 S.W.2d 203, 208 n. 2 (Tex.Crim.App.1997) (Baird and Overstreet, JJ., dissenting) (Appellate judges who resolve issues not raised by the parties are partisan advocates, not impartial jurists.). We believe the better option is to treat the State's failure to file a brief as a confession of error. While the confession of error by the prosecutor in a criminal case is an important factor, it is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App.2002). The appellate court must make an independent examination of the merits of the claim of error. *Id.* However, this examination must necessarily be limited to the arguments advanced in the trial court, otherwise, we run afoul of the prohibition of advancing argument on behalf of the parties.

### III. Character Evidence.

Appellant's sole point of error contends the trial judge erred in excluding the testimony of Aisha Anderson, the third witness called to testify for appellant. Anderson testified she lived in Nueces County. The alleged offense occurred in San Patricio County. Anderson testified she did not know the complainant personally, but was familiar with her reputation in the community where the complainant resided or was well known. The State objected to Anderson's testimony on two bases: (a) she was not established in or connected to the community because she was a resident of Nueces County; and, (b) because her testimony was based upon hearsay. Regarding the State's "community" argument, defense counsel stated:

> Your Honor, I'm trying to show that this witness and the complaining witness and other young people her age are all mem-

bers of a subculture ... of people who attend the same nightclubs ... in Aransas Pass and in Corpus Christi and that this witness, through her friendships with other people in ...' the nightclub attending young people community, had heard of and knew of the reputation of the complaining witness.

Counsel further argued that even though the complainant did not reside or work in Nueces County, the complainant did "engage in recreational activities in that community." The trial judge sustained the State's objection and Anderson was not permitted to testify. The trial judge explained his ruling as follows:

> I'm going to sustain the State's objection and basically instruct you at this time that unless you can show that [Anderson] has knowledge of the reputation either in the community where [the complainant] lives or works, not where she quote, unquote, goes over some place to do partying or whatever like that, that you cannot use that as character evidence in this case.

■ For the reasons stated in part II of this opinion, our review of this point of error is limited to *three narrow issues*. The threshold question is whether character evidence related to a complainant is admissible. That question must be answered *in the affirmative because* Rules 404(a)(2) and 608(a) of the Texas Rules of Evidence authorize this type of evidence.[3]

■ The second question is whether Anderson's testimony was properly excluded by the hearsay rule. The answer is clearly no. Rule 803(21) of the Texas Rules of Evidence specifically provides that reputation testimony of a person's character among associates or in the com-

---

**3.** As noted in part I, *supra,* Dixon testified the complainant's reputation for peacefulness and truthfulness was bad.

munity is not excluded by the hearsay rule. This is true because "[r]eputation testimony is necessarily based on hearsay, but is admitted as an exception to the hearsay rule." *Moore v. State,* 663 S.W.2d 497, 500 (Tex.App.-Dallas 1983, no pet.).[4]

■ Finally, we turn to the question of whether a character witness is required to reside or work in the same "community" as the one about whom the testimony is related. This question must also be answered in the negative. *Jordan v. State,* 163 Tex.Crim. 287, 290 S.W.2d 666, 667 (1956) (testimony of person who knew defendant's reputation in Dallas was admissible even though they did not know reputation in Richardson where defendant lived). The Court of Criminal Appeals has adopted a liberal definition of "community" for reputation purposes. *Moore,* 663 S.W.2d at 501. In *Arocha v. State,* the Court held: "A person's community is *not* limited to the locale where the case is tried nor his residence at the date the offense was committed." 495 S.W.2d 957, 958 (Tex.Crim.App.1973) (permissible to question character witness about offense committed in Houston although defendant was resident of Austin) (emphasis added); *Ayers v. State,* 162 Tex.Crim. 586, 288 S.W.2d 511 (Tex.Crim.App.1956) (permissible to question Texas witness about offense in New York).

For these reasons, we hold the trial judge abused his discretion in excluding the testimony of Anderson.

## IV. Harm Analysis.

■ Our holding that the trial judge erred does not end our inquiry. We must now determine whether the error requires reversal. Rule 44.2(b) of the Texas Rules of Appellate Procedure prescribes the harm analysis for the erroneous exclusion of evidence. Tex.R.App. P. 44.2(b). Under that rule, error not affecting a substantial right must be disregarded. A substantial right is violated when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. U.S.,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998). However, if the reviewing court is unsure whether the error affected the outcome, the court should treat the error as harmful, i.e., as having a substantial and injurious effect or influence in determining the jury's verdict. *Webb,* 36 S.W.3d at 182. In this context, neither party has the burden of proof under rule 44.2(b). *Id.* Rather, the appellate court will examine the record for purposes of determining harm. *Id.* Therefore, the fact that the State failed to file a brief does not affect our consideration of the issue of harm.

■ In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Mo-*

---

**4.** On several occasions, the State argued Anderson's testimony must be based upon personal knowledge. The trial judge seemed to accept this argument. But personal knowledge is not required for reputation testimony. *Jackson v. State,* 628 S.W.2d 446, 450 (Tex. Crim.App.1982). Instead, such testimony may be based either on (1) discussions between the witness and others about the defendant; or (2) information overheard by the witness during conversations by others who discussed the defendant's reputation. *Id.*

*tilla v. State,* 78 S.W.3d 352, 355 (Tex. Crim.App.2002). This alleged offense represents the culmination of a four year feud between the complainant and appellant. These two young women had been involved in numerous altercations, both physical and verbal. The State's theory of prosecution was that appellant was still angry over the complainant's past relationship with appellant's husband. The only witness to the alleged offense was Rodriguez, a close friend and ally of the complainant. We do not find this to be overwhelming evidence of guilt. *Motilla, supra.* Appellant's defensive theories were that she was either being framed by the complainant, or that someone else had damaged the complainant's vehicle. Officer Lopez supported the first theory by testifying the complainant and Rodriguez were "happy . . . that they had got [appellant]." Appellant's husband supported the second theory by testifying the complainant's vehicle had been keyed three years before. Both defensive theories were supported by the character testimony of Dixon that the complainant's reputation for being peaceful and truthful was bad. Similarly, the testimony of Anderson would have advanced both defensive theories.

In light of particular facts of this case and the long-standing animosity between the parties, we cannot say the error had no influence or only a slight influence on the verdict. Therefore, we must treat the error as harmful. Accordingly, we sustain appellant's sole point of error.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.