The STATE of Texas, Appellant,

v.

Bonnie Jean BISSING, Appellee.

No. 10–05–00143–CR.

Court of Appeals of Texas, Waco.

June 29, 2005.

Brad Newsom, Meridian, for appellant.

Dan V. Dent, Hill County Dist. Atty., Hillsboro, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

The State appeals from an adverse ruling on Bonnie Jean Bissing's pretrial suppression motion. The State's brief is overdue. The Clerk of this Court notified the parties that the State's brief was overdue in this cause and that the appeal would be dismissed if an appropriate response was not filed within ten days. The Court has received no response.[1] Accordingly, we will dismiss the appeal.

■ When the appellant's brief is past due in a criminal appeal, Rule of Appellate Procedure 38.8(b) generally requires the appellate court to abate the appeal for a hearing in the trial court. The purpose of this rule is to protect an appellant from the failure of counsel to file a brief on the appellant's behalf. *See Wade v. State*, 31 S.W.3d 723, 725 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Coleman v. State*, 774 S.W.2d 736, 738 (Tex.App.-Houston [14th Dist.] 1989, no pet.).

■ However, the abatement requirement of Rule 38.8(b) does not apply when a criminal defendant is representing himself on appeal. *See Lott v. State*, 874 S.W.2d 687, 688 n. 2 (Tex.Crim.App.1994); *Scott v. State*, 167 S.W.3d 62, 65 (Tex.App.-Waco 2005, no pet. h.); *Wade*, 31 S.W.3d at 725;

*Coleman*, 774 S.W.2d at 738–39. Because the State has no constitutional right to counsel, we likewise hold that an appeal need not be abated under Rule 38.8(b) when the State is the appealing party and has failed to file its brief. *See State v. Garza*, 88 S.W.3d 353, 354 (Tex.App.-San Antonio 2002, no pet.) (per curiam); *State v. Palacios*, 968 S.W.2d 467, 468 (Tex.App.-Fort Worth 1998, no pet.) (per curiam).

■ Rather, if the State's brief is overdue in such a case and the State fails to file its brief after being given notice and an opportunity to do so, then this Court may dismiss the State's appeal for want of prosecution in accordance with the Court's inherent authority. *See Peralta v. State*, 82 S.W.3d 724, 725 (Tex.App.-Waco 2002, no pet.); *see also Brager v. State*, No. 0365-03, 2004 WL 3093237, at *2-3, 2004 Tex. Crim.App. LEXIS 2203, at **5-9 (Tex. Crim.App.2004) (not designated for publication).

Accordingly, because the State has failed to file its brief, we dismiss this appeal.

Chief Justice GRAY concurs in the judgment with a note.*

---

1. In fact, the trial court has forwarded to the Clerk of this Court a copy of the State's motion to dismiss the case against Bissing, which the State filed with the trial court.

* ("Chief Justice Gray concurs in the judgment of dismissal of this appeal. This is an interlocutory appeal which does not dispose of the underlying case but will operate to return jurisdiction to the trial court for further proceedings not inconsistent with this Court's opinion. I would issue the mandate with the issuance of this opinion to expedite the ultimate disposition of this case. Alternatively, and a better and quicker way to dispose of this case, I would abate this appeal. The trial court would then have jurisdiction to dismiss the case. We could then immediately dismiss the appeal as moot.")