IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00280-CV

 

Marian Wallis Spigener,

                                                                                    Appellant

 v.

 

Danny Ray AND Polly Miller Lee,

                                                                                    Appellees

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. C200700216

 



ORDER



 








            Before the Court is a document
captioned “Notice and Demand for copies (from various indigent defense,
elderly, disabled, low income cases).”  This “Notice and Demand” is signed by
Rose McCullough who has signed other documents as “legal assistant” on behalf
of Appellant Marian Wallis Spigener.  In this document, McCullough “demands”
that the Clerk of this Court “filemark and return filemarked copies” of various
documents enclosed with the “Notice and Demand.”  McCullough’s “Notice and
Demand” and its accompanying documents present four issues which are the
subject of this Order:

·                    
whether McCullough
may sign documents on behalf of Spigener in this appeal;

 

·                    
whether this appeal
includes both Spigener’s “interlocutory appeal” and her “general appeal”;

 

·                    
whether Spigener has
the complete appellate record; and

 

·                    
what Spigener must
do to obtain copies of documents filed with this Court.

 

Signing of Documents

            “If a party is represented
by counsel, a document filed on that party’s behalf must be signed by at least one
of the party’s attorneys.”  Tex. R. App.
P. 9.1(a).  “A party not represented by counsel must sign any document
that the party files.”  Id. 9.1(b); see Elwell v. Mayfield, No.
10-04-00322-CV, 2005 Tex. App. LEXIS 6356, at *8-11 (Tex. App.—Waco Aug. 10, 2005, pet. denied) (mem. op.) (a non-attorney cannot sign pleadings on behalf
of a pro-se litigant).

            Spigener is not represented
by counsel.  It appears that she has personally signed most of her appellate
pleadings but McCullough has signed the certificates of service and other documents
as Spigener’s “legal assistant.”

            Rule of Appellate Procedure
9.5(e) provides that a “certificate of service must be signed by the person who
made the service.”  Id. 9.5(e).  By comparison, Rule of Civil Procedure
21 provides that the certificate of service must be signed by “[t]he party or
attorney of record.”  Tex. R. Civ. P. 21;
see also id. 21a. (“The party or attorney of record shall certify to the
court compliance with this rule in writing over signature and on the filed
instrument.”).

            Rule 9.5(e) uses the term
“person” rather than the more explicit “party or attorney of record” of Rule 21
in describing who may sign a certificate of service.  However, there does not
appear to be any logical basis for having a different signature requirement applicable
to certificates of service on trial pleadings than to certificates of service
on appellate pleadings.[1] 
Therefore, we construe the term “person” as used in Rule 9.5(e) to mean the
party or attorney of record, consistent with Rule 21.  Cf. Univ. of Tex. Health Science Ctr. v. Gutierrez, 237 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (plaintiff must serve expert report in accordance
with Rule 21a to satisfy service requirement of section 74.351 of the Civil
Practice and Remedies Code); Kendrick v. Garcia, 171 S.W.3d 698, 704
(Tex. App.—Eastland 2005, pet. denied) (same).

            Accordingly, we direct that
all future pleadings and certificates of service filed in this Court on
behalf of Spigener must be personally signed by Spigener or her attorney of
record if she later retains counsel.  We apply Rule of Appellate Procedure 2 to
all pleadings and certificates of service filed to date and suspend this
requirement for such documents.  See Tex.
R. App. P. 2.

            However, if McCullough or
another non-attorney signs and tenders for filing any further pleading or
certificate of service on Spigener’s behalf, the matter will be referred to the
Unauthorized Practice of Law Committee.  See Tex. Gov’t Code Ann. § 81.104 (Vernon 2005).  In addition, the
Court may, after notice, strike the document for failure to comply with the
Rules of Appellate Procedure.  See Tex.
R. App. P. 9.4(i).

Scope of Appeal

            Spigener has repeatedly sent
correspondence and pleadings raising the issue of whether her “interlocutory
appeal” of the trial court’s post-judgment denial of her motion to disqualify
the local administrative judge, Judge William Bosworth, is separate from her “general
appeal” of the trial court’s February 2008 dismissal order.  The Court
attempted to address this issue in a letter dated August 27, 2008, in which the
Clerk of this Court stated:

Spigener requests clarification
regarding whether the docketing statement should address her “interlocutory
appeal” of the trial court’s denial of her motion to disqualify the local
administrative judge or her “final appeal.”  To answer, the Court is treating
this as a restricted appeal arising primarily from the trial court’s February
2008 dismissal order.  See Tex.
R. App. P. 30.  The appeal includes within its scope any post-dismissal
orders signed by the trial court.

 

            To clarify further, Spigener
has only one appeal pending in this Court which is styled Marian Wallis
Spigener v. Danny Ray and Polly Miller Lee and which bears the cause number
10-08-00280-CV.  In this appeal, Spigener may present complaints[2]
regarding the trial court’s February 2008 order dismissing her lawsuit against
the Lees and the court’s “interlocutory” order denying her motion to disqualify
Judge Bosworth “as local administrative judge or any other kind of judge.”

Appellate Record

            In the documents tendered by
Spigener, she complains that she has not yet received the “court reporter’s
transcript” or the clerk’s record for either her “interlocutory appeal” or her
“general appeal.”

            As we have stated, there are
not two separate appeals, and so there are not two separate appellate records.

            According to this Court’s
records, Spigener withdrew the clerk’s record and the reporter’s record on September
29, 2008 and has them in her possession.  Tex.
R. App. P.  12.4.  If she believes that any pleadings or other documents
have been omitted from the clerk’s record, then she should specifically
identify the omitted item(s) and “by letter direct the trial court clerk” to
prepare a supplemental clerk’s record with the omitted item(s).  Id. 34.5(c)(1).  In like manner, if Spigener believes that the court reporter made a
record of a hearing which has not been included in the reporter’s record, she
should “by letter direct the official court reporter” to prepare a supplemental
reporter’s record with the omitted hearing(s).  Id. 34.6(d).

Copies of Pleadings

            Spigener has on some
occasions asked that the Clerk of this Court make and return file-marked copies
of her pleadings even though she filed only the originals and provided no
additional copies.  Such requests will be denied.  The Court does not ordinarily
make copies for parties whether indigent or not.  Copies of pleadings will be
provided for a fee of 10 cents per page.  See Order Regarding Fees
Charged in Civil Cases in the Supreme Court and the Courts of Appeals and
Before the Judicial Panel on Multidistrict Litigation, Tex. R. App. P. app. A  (Vernon Supp. 2008).

            Spigener specifically
requests that the Court provide copies of “all papers” filed in certain other
proceedings, at least one of which she is not a party to.  Such requests will
likewise be denied.  If Spigener desires copies of documents on file with this
Court in cases in which she is not a party, then she must file an appropriate
request under Rule of Judicial Administration 12.  Tex. R. Jud. Admin. 12, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. F
app. (Vernon 2005).  If Spigener desires copies of documents on file with this
Court in cases in which she is a party, then she must identify those documents
with specificity and pay the required fee.

            Spigener has requested a
copy of the docket sheet for this appeal.  That document is four pages long. 
It will be provided to Spigener upon receipt of the applicable fee of forty
cents ($0.40).

Conclusion

            Spigener is hereby again
notified that her brief is overdue.[3] 
To avoid dismissal for want of prosecution, Spigener must, within fourteen days
after the date of this Order, file her appellant’s brief or a written response
showing grounds for continuing the appeal.  If she believes supplementation of
the appellate record is required, she must notify this Court of that fact, in
addition to taking the steps necessary to obtain a supplemental record.  Any
request for supplementation of the record must identify with specificity the
item or items claimed to have been omitted.

            In addition, Spigener is
notified that, if she does not timely comply, the Court may dismiss this appeal
under its inherent authority.  See Brager v. State, No. 0365-03, 2004
Tex. Crim. App. LEXIS 2203, at *5-9 (Tex. Crim. App. 2004) (not designated for
publication); State v. Bissing, 169 S.W.3d 729, 730 (Tex. App.—Waco 2005,
no pet.).

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray does not join this order)*

Order issued
and filed December 3, 2008

Do not publish

[CV06]

 

*           (Chief
Justice Gray does not join this order.  Portions of it, such as the suggestion
that a Rule 12 request is necessary to obtain copies of adjudicative records in
case files, are erroneous and other portions are simply unnecessary, in
particular because there were documents received that are unrelated to this
proceeding but are nevertheless discussed in the order.)

 

 









[1]
              Rule 9.5 does in
other contexts use the terms “party” and “counsel.”  See, e.g., Tex. R. App. P. 9.5(a) (“the filing
party must serve a copy on all parties to the proceeding”); id. 9.5(b)
(“Service on a party represented by counsel must be made on that party’s lead
counsel.”).  We consider the use of the term “person” in subsection (e) to be a
shorthand reference to either the “party” or “counsel” who is responsible for
serving a document, depending on whether the party is represented by counsel.  Id. 9.5(e).





[2]
              While we say that
Spigener may “present” these complaints, she is not excused from Rule of
Appellate Procedure 33 and similar rules which require that complaints be
preserved for appellate review by timely request, objection, or motion in the
trial court and an adverse ruling by the trial court on the request, objection,
or motion.  See Tex. R. App. P. 33.1(a).





[3]
              Spigener was
previously notified that her brief was overdue by letter from the Clerk of this
Court dated October 9, 2008.