

NUMBER 13-09-00278-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **THE STATE OF TEXAS,** | **APPELLANT,** |
| **v.** | |
| **HOWARD BRUCE URE,** | **APPELLEE.** |

### On Appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion Per Curiam**

On May 19, 2009, the State of Texas filed a notice of appeal under article 44.01 of

the Texas Code of Criminal Procedure regarding two orders rendered by the Honorable

Kemper Stephen Williams on April 30, 2009.  *See* TEX. CODE CRIM. PROC. ANN. art.

44.01(a)(5) (Vernon Supp. 2009).  These orders (1) dismiss an indictment against Howard

Bruce Ure, and (2) disqualify the District Attorney of Victoria County and his assistants from prosecuting the case and appoint an attorney pro tem. As stated herein, we dismiss this appeal for want of prosecution.

## I. BACKGROUND

The clerk's record and a reporter's record for this appeal were filed on July 1, 2009. Additional reporter's records were filed and the appellate record was completed on July 27, 2009. On September 15, 2009, the Clerk of this Court notified the State that its brief in the above cause was due on August 26, 2009, and the brief had not been timely filed. The Clerk further notified the State that if a satisfactory response for appellant's failure to timely file a brief was not received within ten days, this Court would order the trial court to conduct a hearing to determine whether the State desired to prosecute its appeal. The State failed to respond to this notice.

On October 15, 2009, the Clerk of this Court again notified the State that the appellant's brief in the above cause became due on August 26, 2009 and that the brief had not been filed. The Clerk requested that the State advise the Court as to the status of the brief within ten days. The Clerk further notified the State that if it failed to file a response within ten days, the appeal would be referred to the Court for appropriate action.

On October 29, 2009, counsel for the State telephoned the Clerk's office and verbally notified the Court that she intended to file a brief and would do so as soon as possible. However, the State did not file a brief.

On November 18, 2009, the Clerk of the Court again notified counsel for the State that the brief had been due on August 26, 2009 and that to date, the brief had not been filed. The Clerk further notified counsel for the State that if a satisfactory response for its

failure to timely file a brief was not received within ten days, the appeal would be subject to dismissal.

On December 18, 2009, counsel for the State telephoned the Clerk's office and reported that she would be filing a motion for extension of time to file the State's brief, and such motion for extension of time was filed on December 21, 2009. The State requested an extension of time until January 20, 2010 to file its brief.

On December 23, 2009, Howard Bruce Ure, the appellee herein, filed a response in opposition to the State's motion for extension of time and further filed a motion to dismiss the appeal. This Court granted the State's motion for extension of time to file its brief until January 20, 2010, as requested, and denied appellee's motion to dismiss the appeal.

Nevertheless, the State failed to file its brief in this matter. On February 8, 2010, the Clerk notified the State that its brief had been due on January 20, 2010, and again requested a satisfactory response for this failure. The Clerk notified the State that if a satisfactory response was not received, the Court would order the trial court to immediately conduct a hearing to determine whether the State desired to prosecute the appeal, or had abandoned it, and to make appropriate findings and recommendations.

On February 18, 2010, appellee filed his "Second Motion to Dismiss for Failure to Prosecute." On March 10, 2010, this Court ordered the "Second Motion to Dismiss for Failure to Prosecute" to be carried with the case and abated the appeal and remanded it to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b)(2),(3). The Court directed the trial court to make appropriate findings and recommendations concerning whether the

3

State desired to prosecute this appeal; why the State had failed to file a brief; and whether the State had effectively abandoned the appeal. The Court requested the trial court to have prepared a record of the hearing on remand, the trial court's findings and recommendations, and any orders regarding the aforementioned issues, to be filed in this cause as supplemental clerk's and reporter's records.

On April 12, 2010, the Court received the supplemental clerk's record and reporter's record containing the trial court's findings on remand. The order containing the trial court's "Findings and Conclusions" recites, in part:

1.      The State, as stated by [its counsel] desires to prosecute the appeal.

2.      The State has failed to file its brief due to [its counsel's] (unspecified) illness, her other commitments and a Connecticut Supreme Court opinion.

3.      Despite [the State's counsel's] statements to the contrary, the State has effectively or constructively abandoned this appeal, particularly in light of the many opportunities the State has been given to file the brief. Consequently, this court respectfully recommends that the Court of Appeals dismiss this appeal for want of prosecution.

Upon reinstatement of this cause following remand, the State filed a response to appellee's motion to dismiss and further filed a motion to consolidate this appeal with a pending original proceeding.

II. ANALYSIS

When the State prosecutes an appeal pursuant to article 44.01 of the Code of Criminal Procedure but does not file a brief, appellate courts hold that the State's failure to file a brief constitutes abandonment of the appeal. *State v. Garza*, 88 S.W.3d 353, 354 (Tex. App.–San Antonio 2002, no pet.) (per curiam); *State v. Palacios*, 968 S.W.2d 467, 468 (Tex. App.–Fort Worth 1998, no pet.) (per curiam); *State v. Crawford*, 807 S.W.2d 892,

4

893 (Tex. App.–Houston [1st Dist.] 1991, no pet.); *State v. Sanchez*, 764 S.W.2d 920, 921 (Tex. App.–Austin 1989, no pet.); *see Siverand v. State*, 89 S.W.3d 216, 219 f.2 (Tex. App.–Corpus Christi 2002, no pet.); *see also* TEX. R. APP. P. 38.8(a)(1), 42.3(b). These courts have not applied rule 38.8(b) of the Texas Rules of Appellate Procedure, which requires abatement and remand for the trial court to conduct a hearing on the prosecution of the appeal, to cases where the State is exercising its right to appeal under article 44.01. *Garza*, 88 S.W.3d at 354; *Palacios*, 968 S.W.2d at 468; *Sanchez*, 764 S.W.2d at 921. Rule 38.8 plainly was "intended to protect the interests of a criminal defendant-appellant." *Palacios*, 968 S.W.2d at 468 (citing *Sanchez*, 764 S.W.2d at 921). While we applied the procedures described in rule 38.8(b) to the State in the instant case, we agree with our sister courts that such hearings are not necessary or required in all cases.

The State's brief was more than six months overdue when this Court remanded the cause to the trial court for a hearing on the prosecution of the appeal. The Court gave the State multiple opportunities to file its brief, but the State did not. The trial court has recommended that this appeal be dismissed for want of prosecution. Based on the proceedings herein and the applicable law, the Court concludes that this appeal should be dismissed for want of prosecution.

### III. CONCLUSION

The Court, having examined and fully considered the documents herein, the appellee's second motion to dismiss and the response thereto, and the trial court's findings and conclusions, is of the opinion that this appeal should be dismissed for want of prosecution. Accordingly, we GRANT the appellee's second motion to dismiss and

5

DISMISS the appeal for want of prosecution. The State's motion to consolidate this cause with our appellate cause 13-10-00213-CR is DISMISSED AS MOOT.

It is so ORDERED.


PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of May, 2010.